The Chief Justice
delivered the opinion of the court.
This was an action of ejectment. On the trial the lessors of the plaintiff produced in evidence a grant from the commonwealth to them for the land in controversy, bearing date the 27th of November, 1815, and proved the defendant to be in possession. On the part of the defendants there was read in evidence a patent from the commonwealth to the heirs of Silas Train, bearing date the 4th of Nov. 1790, and having proved that it covered the land in contest, they interrogated a witness whether they or their ancestor had not settled on said land in the year 1790, and continued to reside on it ever since. To this interrogatory the lessors of the plaintiff objected, as irrelevant, because the patent to them, not being twenty years old, could not be affected by lapse of time; but the court overruled the objection.
The defendants offered as evidence a deposition taken at Kaskaskia, in Illinois. The justices of the peace who took the deposition, certify that they met on the 21st of July, 1817, for the purpose of taking the deposition; and not being able to do so, they adjourned to the next day, for the same purpose, and continued to meet and adjourn from day to day until the 25th of the month, when they took the deposition. The defendants, to lay a foundation for reading the deposition, produced and proved a notice which had been given to the lessors of the plaintiff, that they would “take the deposition on the 21st of the month, and continue from day to day until finished.” The lessors of the plaintiff *570 objected to reading the deposition, 1st, because the notice was to take the deposition on the 21st, and it was not taken till the 25th, after a number of oppressive adjournments, unauthorised by law, and without any reasonable cause for such adjournments. 2dly; Because the witness was incompetent, he having sold the land to some of the defendants, and placed them in possession. And 3dly; because this whole deposition was irrelevant, and spoke of facts by hearsay, which could not be proved in that way. The court overruled the objection, and the deposition was read.
A plaintf’s right of entry is not tolled by 20years adverse possession, if his patent is less than 20years old.
The lessors of the plaintiff having proved by several witnesses, that they had never heard of the heirs of Silas Train, the defendants produced and read in evidence the certificate granted by the commissioners to the heirs of Silas Train, and the entry and survey which were made in the same way; and after the evidence was closed on both sides, the court, at the instance of the defendants, instructed the jury; “that the circumstances of more persons dying with heirs than without them; of the commissioners having granted a certificate to the heirs of Silas Train; of the surveyor having admitted an entry and made a survey, and of the register having issued a grant in the same manner, were left with them as conducing to prove that there were, at the date of the grant, such persons in existence as the heirs of Silas Train, while the proof adduced by the defendants, that such persons were never heard of, were left to them as conducing to the contrary.” To this and to the other opinions before stated, the lessors of the plaintiff excepted; and a verdict and judgment having been rendered against them, they have appealed to this court.
The first question is, whether the evidence in relation to the length of time the defendants had been in possession of the land in controversy, was admissible or not?
The sole ground of objection to such evidence, is its supposed irrelevancy, and this ground we think is untenable.
It is true, that the right of entry of the lessors of the plaintiff, if they had any, could only have accrued at the emanation of their patent, and as that had issued within less than twenty years before the commencement of the suit, their right of entry could not be tolled by twenty years possession.
But it was certainly competent for the defendants to shew that the right of entry, instead of being in the lessors of the plaintiff, was originally in a stranger, and that it had *571 been transferred to the defendants. The production of an elder patent to a stranger, was sufficient, prima facie, to shew the former, and that grant being more than twenty years old, their possession for that length of time was a fact tending to evince the latter; for twenty years possession not only tolls the right of entry of an adverse claimant, but, by operation of law, vests the person so possessed with the right. We do not mean to say that it was necessary for the defendants to shew that they had acquired the right of entry, but most clearly it cannot be said to be irrelevant for them to do so, or to produce evidence conducing to that end; for, although they might rely upon the right of entry being in a stranger, yet they might also rely upon their being invested with the right themselves. Either would shew that the lessors of the plaintiff had no right of entry, and without such right they could not maintain the action.
But def’d't has a right to shew that the right of entry was in another, and has been transfered to himself, the first is evidenced by the production of an order grant of more than 20 years, and a possession of more than 20 years conduces to shew the second.
An adjournment in taking depositions from day to day, a neither sanctioned or prohibited by any positive law; the propriety of the thing must depend on intrinsic circumstances.
The second question which occurs, is, whether the court erred in overruling the objections to reading the deposition.
The mode of proceeding by adjournment from day to day, from the 21st to the 25th, when the deposition was taken, furnishes the first ground of objection to be considered. There is certainly no positive law authorising this mode of proceeding; but we are aware of no positive law which forbids it. Whether, therefore, it should be sanctioned or not, must depend upon its intrinsic propriety or impropriety. Where a deposition is to be taken at a considerable distance from the residence of the parties, as is most commonly the case in suits at law, it is certainly greatly more convenient for the parties, when they have met, and cannot proceed from some temporary cause, which is likely to be removed in a short time, to be adjourned from day to day till the deposition is taken, than to return home and be bound again to make the same journey. If, then, the party, against whom the deposition is to be read, should, in such a case, meet at the day appointed, it would not seem unreasonable to require him to attend for a few days for the purpose of completing the object of the meeting. And if he should not meet on the day appointed, it would be of as little advantage to him to have the deposition taken on that day as on any subsequent one. It is, indeed, in all cases, necessary to give notice of the time and place of taking a deposition; and if it should, not be taken on the day appointed for the attendance of the party, but on some subsequent day, it could not be read, unless the notice gave to *572 the party warning of the design of continuing from day to day; but the notice given in this case does contain such warning, and the deposition appears to have been taken within the spirit and intention, if not within the letter of the notice. We think, therefore, that this cause of objection to the deposition cannot be sustained.
A vendor without recourse is a competent witness for vendee.
Evidence derived from hearsay, is proper as an inducement to the to the witnesses knowledge of facts to which he deposes—but if exceptionable at all, the testimony should not be rejected in toto, but only so far as it is acquired by hearsay.
The second cause of objection to be noticed, is, that the witness was incompetent, having sold the land to the defendants, and put them in possession. The witness himself states, that he sold a part of the land in contest to the ancestor of some of the defendants, but be also states that be was not interested in the event of the suit, and there is no proof aliunde of his interest. He might sell without making himself responsible for the title; and we cannot infer his responsibility without proof of the fact. This objection must therefore also fail.
The third and last cause of objection to the deposition, is, that it was wholly irrelevant, and spoke of facts by hearsay, which could not be proved in that way.
This cause of objection is equally as untenable as the others.
The deposition proves that the defendants entered into possession with claim of title—the time when they took possession, and the continuance of their possession; and these facts cannot, as we have already seen, be deemed immaterial or irrelevant. As to the witness speaking of facts by hearsay, so far as he does so, it seems only to have been as an inducement to those which he details from his own knowledge, and to account for the occurrence of the latter, or for his knowledge of them; and thus far such testimony we apprehend is not improper. But supposing it to be otherwise, it would only be a cause for suppressing that part of the deposition without rendering the residue inadmissable, and the objection is not taken to the reading of any part of the deposition, but to the reading the whole of it. The court, therefore, did right in overruling the objection to it.
The third and last question which the case presents, is whether the court erred or not in the instructions given to the jury?
The existence of such persons as the heirs of Silas Train, at the date of the grant to them, was necessary to its validity, as was decided when this cause was formerely before this court, and as conducing to that establishment of that *573 fact, the circumstance of more persons dying with hiers than without them, was no doubt properly left by the circuit court to the jury.
What the commiss'n’rs (acting within the pale of their jurisdiction) certify, is conclusive ag’nst the com’nlth and all subsequent claimants under her.
A surveyor having admitted an entry, or made a survey, or a patent having issued to an individual, is no proof that there is such a person.
Hardin and Wickliffe for appellants, Talbot and Bibb contra.
As conducing to the establishment of the same fact, the circumstance of the commissioners having granted a certificate to the heirs of Silas Train, was also correctly left to the jury. The commissioners in granting the certificate acted as a court within the sphere of its jurisdiction, and as the certificate could not have been rightly granted, unless there had been such persons as the heirs of Silas Train, it is conclusive evidence of their existence at that time, as against the commonwealth, and all claiming as subsequent purchasers under the commonwealth, and if they then existed, they must be presumed to have existed at the date of the grant, unless the contrary was made to appear. The certificate, therefore, being evidence that there were such persons as the heirs of Silas Train at its date, conduced indirectly to prove that there were such persons at the date of the grant.
The circumstances, however, of the surveyor having admitted an entry and made a survey, and of the register having issued a grant in the name of the heirs of Silas Train, stand we conceive upon a different footing.
These circumstances in themselves afford no legitimate evidence of the existence of such persons. The entry, survey and grant, were probably made in that way, merely because the certificate had been so granted. But giving to these acts the utmost possible effect, they could only amount to declarations by the persons by whom they were made, that there were such persons in existence as the heirs of Silas Train, and such declarations, without first proving that the persons who made them were dead, are inadmissible. The circuit court, therefore, erred in leaving these circumstances to the jury.
The judgment must therefore be reversed with costs, and the cause be remanded for a new trial not inconsistent with the foregoing opinion.