The Cnifcr Justice
delivered the opinion of the court.
This is a writ of error to an order of the Madison county court, admitting to record an instrument of writing purporting to be the last will and testament of David Christopher, deceased.
Two of the subscribing witnesses deposed, that they bad, at the request of the testator, attested the instrument in question, by subscribing their names thereto in his presence; and that at the lime of their attestation he was of sound mind, and acknowledged the instrument to be bis will. The name of the testator is signed to the instrument, with the mark of a cross between the Christian and sirnaroe, and it was admitted on the part of the defendants in error, that be could neither write nor read writing, and neither of the subscribing witnesses read or heard the instrument read to the testator- One of the subscribing witnesses testified, that he thought there was some likeness between the signature of the name of the testator, and the hand writing of the witness, hut he had no recollection of having signed it, and though his mind had occasionally oscillated upon the subject, lie was at this time inclined to believe tint the signature was not in bis hand writing. It appeared that the testator had manifested some care in the selection of the witnesses to attest his will, and that the subscribing witnesses were men of unexceptionable character and respectable standing in society. And it was abundantly proven, that the dispositions made of the testator’s estate by the instrument in question, were in strict accordance with his settled and unvaried intention, as evinced not only by his. reiterated declarations upon the subject, but by a former will, containing the same disposition of his estate, except the ¡and, which was afterwards acquired.
On this state of facts, the counsel for the plaintiffs in error contended, that the instrument in question ought not to be admitted to record as the will of the testator, 1st, because it does not appear to have been read to the testator; and 2d, because it was not proven to have been signed by the testator himself, or by any other person in his presence, ami by his direction.
The first of these positions is evidently untenable. It is well known that the power of disposing of land by will did *145 act exist at common law, and that the power was given by the statute bf Henry the eighth, usually called the statute of wills. To make a good will under that statute, no other solemnity was necessary than that it should be in writing. Neither the signature of the testator, nor the attestation witnesses wa3 necessary] and it was clearly settled, that it Was written from the mouth of the testator, and by his direction, though it were not shewn or read to him after wards, it would be a valid will. Roberts on Frauds, 305. Such was the law when the “act concerning wills, the distribution of intestates’estates,&c ” passed in Virginia, and which has since been continued by adoption and re-enactment by this state. That act requires, to render a will effectual to pass real estate, that it should “be signed by the “testator or testatrix, or by some other person in his or her “presence, and by his or her direction, and moreover, if “not wholly written by him or herself, be attested by two “or more competent witnesses, subscribing their names in “his or her presence.” This provision, though it rtquiies the signature of the testator and the attestation of witnesses, does not require that the will should be read to the testator. The law in (his respect must, therefore, remain as it was before the enactment of this provision; and as under the statute of Henry 8th, it was unnecessary to renders, will valid that it should have been read to the testator, it results, as a necessary consequence, that it is still ucneces-sary That a testator ought to know the contents of the will, there can be no doubt, for otherwise it could not be said to be his will. But the execution of it by tbe testator, with the requisite solemnities, does, of itself, create a presumption of his knowledge of its contents, and that they eoiiform to his intention.
iiaternte, it is not neces-^ouldf ⅛. rea4 to himtbrender 11 hls ment Df the signature is evidence that ¾ of thecon. tents/
It must therefore be incumbent upon those who seek to avoid the will, on the ground that it contains a disposition of the testator’s estate, inconsistent with his intention, or of which lie has no knowledge, to establish the fact by proof aliunde the instrument itself But so far is there from be-irg any proof of such fact in this case, that all the circumstances of the case conduce to evince the contrary.
The second position relied on for the plaintiffs in error, though more plausible, is not more solid. It is undoubtedly true, that a will, to be valid, must be signed bv the testator. or some person in his presence, and by his direction; but u cannot be conceded that in tiiis case there is ns eona- *146 petent proof of the fact. By adverting to the provision before recited from the act concerning wills, it will be perceived, that although it is required that the attesting witnesses should subscribe their names in the presence of the testator, it is not required that the signature of the testator should be made in the presence of the subscribing witnesses. it is presumable therefore that the legislature did not intend to require that the subscribing witnesses should see the signature affixed to the will, and if so, other evidence of the fact must be admissable, for it would be absurd to suppose that the legislature had not required the subscribing witnesses to see that the signature was made in due form but had at the same time made it an indispensable requisite that they should testify that they had seen the signature so made, and it would be still more absurd if the legislature has not required such testimony to suppose that it was their intention that no other evidence of Use fact should be admitted. Upon principle therefore we conceive that other evidence than that of the subscribing witnesses having seen the signature affixed to the will must be admis-sable, and we can imagine none more competent nor more satisfactory than the acknowledgment by the testator of the will with his signature annexed; to which ⅛ this case the subscribing witnesses have testified.
To render :vwiU valid, it is not necessary that the testator should subscribe it in the presence of the attest-i"g witnesses.
Clay for appellant, Turner for defendant.
The proof of such acknowledgment has accordingly long since been settled by the English courts to be sufficient evidence of the signature of the testator having been made in due form under the statute against frauds and perjuries which requires the same formality in the the signature of the testator as is required by the act concerning wills, &c. Roberts on frauds, 388. and the same principle has been recognized in this court in the case of Cockran’s will, 3 Bibb, 491.
The order of the county court admitting the will to record is therefore correct and must be affirmed with costs,
The original to be remanded.