## Case No. 9,582.

### MILLER v. McINTIRE et al.

[1 McLean, 85.] [1]

Circuit Court, D. Kentucky. May Term, 1830. [2]

LIMITATION OF ACTIONS—EQUITY — BAR TO EQUITABLE TITLE—AMENDMENT TO BILL—RELATION BACK—EFFECT OF.

1. An amendment of a bill generally, relates to the time of filing the bill. But where a new title is introduced by the amendment, affecting the interests of new parties, no relation can withdraw such title from the statute of limitations.
[Cited in Buel v. St. Louis Transfer Co., 45 Mo. 562.]

2. The amendment in such case, or where a question of notice arises, can only have the effect of an original bill.
[Cited in School Town of Monticello v. Grant, 104 Ind. 170, 1 N. E. 302.]

3. At law the statute is applied only against a grant—in equity it operates to bar an equitable title, by analogy to a case at law.
[Cited in Munson v. Hallowell, 26 Tex. 475.]

[This was a suit by Henry Miller's heirs and devisees against Jacob McIntire and Isaac McIntire for the possession of certain real estate.]

Mr. Richardson, for complainants.
Mr. Haggin, for defendants.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Affirmed in 6 Pet. (31 U. S.) 62.]

OPINION OF THE COURT. The bill was filed in May, 1808, which represented that on the 10th of December, 1782, Henry Miller the ancestor of the complainants, made an entry of 1687 acres of land; which was surveyed the 9th of April, 1804, and patented 12th July, 1820. That the defendants were in possession, and the bill prays they may be compelled to disclose their title and surrender the possession. The bill was amended in June, 1815, by stating that on the 19th June, 1780, an entry of one thousand acres of land was made by Nicholas McIntire on the waters of Licking, &c., which was surveyed contrary to location, and for which a patent was obtained of elder date than the complainants'. That Nicholas McIntire devised the land to his sons Isaac and Jacob, and that Isaac conveyed to John McIntire who is made a defendant. Several others are also made defendants. In his answer Jacob McIntire admits the entry set up in the amended bill, and he states that the entry was amended the 14th December, 1782, and by this amendment it was made to interfere with the complainants' entry. John McIntire states in his answer that he holds the title bond of Nicholas McIntire for a moiety of the land, and that a deed was executed to him for the same by Isaac McIntire, which had never been recorded. He pleads an adverse possession of more than twenty years, in bar of the complainants' right. The complainants' title was fully sustained by the decree of the supreme court in 1826, the respondents therefore exclusively rely on their possession under the statute. Until the defendants were made parties to the suit, by the amended bill, the statute would continue to run in their favor. An amendment of the bill will, generally, have relation to the time of filing the bill; but this can never be the case, where the amendment sets up a title not asserted before; and a question under the statute of limitations or as to notice is involved. From the evidence it appears that more than twenty-six years elapsed, from the time adverse possession was taken by the defendants, until suit was commenced. The Virginia statute of twenty years' limitation, and ten years after the decease of the ancestor, was in 1792 adopted by Kentucky on the adoption of her constitution; and it was provided that the statute having begun to run before the change of government, should continue to operate, as though no change had taken place. An objection is made that the statute does not run against an equitable title; and that it cannot bar the complainants' right, as they did not obtain their patent until 1820. The decisions in 2 Mar. 570, 1 Mar. 53, 506, and 3 Mar. 146, are referred to as sustaining this position. At law the statute is not applied as a bar, except as against a grant, but this is not the rule in equity. The chancellor, by analogy to the statute, will give effect to it, as against an equitable right, where under the same circumstances it would operate against a grant. As more than ten years elapsed from the decease of the complainants' ancestor, at which time there was adverse possession, until the commencement of this suit, the complainants are clearly barred. And under the twenty years' limitation they are also barred; the bill of the complainants must, therefore, be dismissed with costs.

This case was appealed to the supreme court, which affirmed the decree. 6 Pet. [31 U. S.] 62.