MEYER VS. QUARTERMOUS, Adm'x, etc.

ADMINISTRATORS: *When limitation pleaded by, etc.*

Under the code of practice, when courts can exercise equitable and legal jurisdiction, the plea of the statute of limitation by an administrator, in a suit founded on a cause of action accruing in the lifetime of his intestate, fraudulent conversion and concealment by the intestate may be given in evidence in answer to the plea of limitation.

SAME: *Claims must be presented to, for allowance.*

Before a creditor can apply to the probate court to allow and class his claim against the estate of a deceased person, he must present it to the administrator for allowance; and upon his refusal to allow the claim, give due notice of his intended application to the probate court.

APPEAL from *Arkansas* Circuit Court.

Hon. HENRY B. MORSE, Circuit Judge.

*Rose & Green*, for appellant.

GREGG, J.    On the 11th of October, 1871, the appellant presented to the appellee, as the administratrix of the estate of John G. Quartermous, his account for two hundred and twenty dollars, duly verified, which claim she refused to allow. The account was then presented to the court of probate

for allowance and classification. The record recites that she waived notice and the case was continued. At the next term she appeared and filed an answer containing three paragraphs : First, that neither the deceased, in his lifetime, nor his estate was indebted to the appellant ; second, that the deceased did not undertake and promise to pay the appellant the sum demanded, within three years next before the commencement of this action ; third, that the appellant did not serve the appellee with a copy of the account sued on, at the time of exhibiting the same for allowance; or at any time thereafter.

Issues were formed ; the court found for the plaintiff, and rendered judgment for two hundred and eleven dollars and costs, from which an appeal was taken to the circuit court.

The cause was submitted to that court sitting as a jury, and a finding and judgment for the appellee. The appellant filed his motion for a new trial, which was overruled, and he filed his bill of exceptions setting out all the evidence, etc., and appealed to this court.

The bill of exceptions shows that it was proven that, in April 1861, the deceased said he had received, from this appellant, a 160 acre U. S. Land warrant and ten dollars in cash. That afterwards, in 1863, he received ten dollars in cash to pay taxes on the lands which he had entered with the warrant for appellant. After deceased's death, no lands could be found entered in appellant's name; and a demand was made on his representative for the land warrant or its money value. That the account was made out and presented to the administratrix's attorney, who said he would see her and advise her to reject the claim ; and witness understood from the attorney that he would keep the account, and they would waive a copy of the account " as required by law, and also waive notice and appear in the probate court and resist the allowance of the claim."

Several witnesses were asked what such land warrants were worth in 1861. Johnson testified that they were worth $1.25 per acre in Mississippi, but no witness could say what they were worth in Arkansas. Upon this pleading and evidence, the court found that the deceased in 1861, received from appellant, the land warrant and ten dollars, and in 1863, ten dollars in addition, and that he was to locate the warrant in the state, and that he had said it was located in Arkansas county, but no such entry appeared on the books of the county, but for want of proof as to where the location was to be made, and of the value of the warrant in Arkansas county in 1861, the finding was for the defendant.

Counsel here insists that this finding was clearly erroneous, and that the judgment should be reversed.

It may be true that the proof of the value of land warrants in an adjoining state, which evidence was made without any objection, might show that such warrants had a value, and if not altogether satisfactory as to their true value in Arkansas county, yet, if the appellee, as in this case, made no objection to such proof of value, it might show the appellant's right to recover; and for the $10 paid over in 1861, and a like sum in 1863, there was a fixed liability to that extent.

If this was the whole case; if all rested upon the nonassumpsit paragraph, the appellant might urge a reversal. But there was an issue on the plea of three years limitation, and also upon the one denying that a copy of the account had been furnished the administratrix.

As the code of civil practice, sec. 123, requires no replication to an answer, it is urged here, that the deceased was a trustee, and that a fraudulent conversion of the land warrant and concealment thereof could be given in evidence in answer to the plea of limitation; and under the code practice, where courts can exercise equitable and legal jurisdiction, such seems to be

allowable. Wal. (U. S.); 4 Black, 80; 1 McLean, 85; 5 Mason, 143; 3 Mass., 201; 9 Greenl. (Me.), 131; 8 Foster (N. H.), 260. On the other issue, the appellant not only failed to show that he furnished the administratrix with a copy of the demand against the estate, but affirmatively shows that he did not, and he seems to rely on what he supposed her attorney would waive, without ever even going to see her; this was certainly not sufficient. A want of such copy may be set up in defense. *Borden v. Fowler*, 14 Ark., 471; *Grimes v. Bush*, 16 id., 647; *Grimes v. Boothe*, 19 id., 224.

In this case we cannot hold that this defense was waived, because the first action taken by the appellee, after entering an appearance, was to file her answer in which this defense was set up. While we are clear that the appellant cannot recover in this action, he may not be remediless, as the records of the government land office certainly show the location of land warrant No. 89,520, which was placed in the hands of John G. Quertumous for appellant's use.

Upon the whole record now before us, the judgment must be affirmed.