## Albert H. Wolf v. Bernard Collins, Adm.

1. LIMITATIONS—*Additional Counts in Personal Injury Cases* —
Where proof of the facts alleged in an additional count would have
been competent under the original declaration, the additional count can
not be said to state a new cause of action.

**Trespass on the Case.**—Death from negligent act.  Appeal from the
Superior Court of Cook County; the Hon. SAMUEL C. STOUGH, Judge,
presiding.  Heard in this court at the October term, 1900.  Affirmed.
Opinion filed April 22, 1901.

**Statement by the Court.**—Lawrence Collins, an em-
ploye of appellant, defendant below, a contractor engaged
in the construction of a building in St. Paul, Minnesota,
was killed in July, 1896, while in the performance of his
duty as such employe.   His administrator brought an action
against appellant to recover damages for the benefit of
the next of kin, a trial of which before the court and a jury
resulted in a verdict and judgment thereon against appel-
lant, who prosecutes this appeal.

The original declaration, after setting out the relations of
deceased and defendant and the nature of the work at
which deceased was engaged, alleges that "the defendant's
foreman wantonly and negligently inserted a certain
handle in a hole in said brace and then gave said brace a
sudden and violent twist or jerk with said handle, thereby
displacing and throwing down the end of said brace which
said Collins was attempting to place and fasten, and the
said Collins was then and there thrown from the point
where he was located a great distance to and upon the
ground," etc., whereby the injury was caused resulting in
the death of Lawrence Collins.

After a lapse of more than three years from the
injury the plaintiff filed an additional count, the same in
substance as the original declaration, except that after
the word "negligently" and before the word "inserted"
in the part of the declaration above quoted, the following
words were inserted, viz. : "unfastened a rope by which

said brace was fastened and which would prevent its falling and."

The general issue was pleaded to the original declaration and to the additional count, and a plea of the two years statute of limitations to the additional count was filed. To the latter plea the plaintiff demurred and the demurrer was sustained, the defendant electing to stand by his plea of the statute of limitations.

At the close of the plaintiff's evidence, and again at the close of all the evidence, defendant's counsel asked the court to instruct the jury to render a verdict of not guilty, which was denied.

Wall & Ross, attorneys for appellant; Percy Werner, of counsel.

James C. McShane, attorney for appellee.

Mr. Justice Windes delivered the opinion of the court.

Appellant's counsel contend that the court erred in sustaining the demurrer to the plea of the statute of limitations, for the reason, as it is claimed, that the additional count alleged a new cause of action, and is not merely a re-statement of the cause of action set out by the original declaration. We think the contention is untenable, because, as we regard it, the additional count does not allege a new cause of action. That the foreman unfastened a rope by which the brace was fastened and which would prevent its falling, might and could have been properly shown under the allegations of the original declaration, as a circumstance tending to show that it was negligent to insert the handle in the hole of the brace and then to give the brace a sudden and violent twist or jerk with the handle, as alleged in the original declaration. In Ry. Co. v. Leach, 182 Ill. 365, in considering a similar question, the court say:

" The evidence to sustain one count would not sustain the other, and the evidence in defense as against one count could not be relied upon as a defense under the other. Indeed the issue presented under one count is not presented under the other."

In this case the unfastening of the rope alleged in the additional count would be a mere element of the negligence alleged in the original count, and would not necessarily be a separate and independent ground of recovery. The fact that this might, under certain proof, be a specific ground of recovery, does not render the pleading, as a whole, obnoxious to the statute. It is sufficient to avoid the statute that the proof could properly be made under the original declaration.

In Chicago General Ry. Co. v. Carroll, 189 Ill. 273, the court, in considering a question similar to the one here presented, held that where proofs of the facts alleged by additional counts would have been competent under the original declaration, the additional counts could not be said to state a different cause of action from the original count, and distinguished the case from that of Ry. Co. v. Campbell, 170 Ill. 163-7, relied upon by the appellant.

Counsel for appellant make the further claim that there could be no recovery upon the merits because the evidence fails to show any negligence of the defendant; that the negligence, if any is shown, was that of a fellow-servant of the deceased, and that the deceased was guilty of contributory negligence.

After a careful reading of the evidence in the light of counsel's argument, we think that upon all these points the record presents questions of fact which should have been and were properly submitted to the jury, and we can not say that the verdict in favor of the appellee in these respects is manifestly against the evidence.

In substance it appears that the deceased was twenty-eight years of age and was an experienced man in the business of iron working, in which he was engaged at the time of his death as an employe of appellant, and had worked for a considerable time upon the building at which he was killed. He and his brother, Stephen Collins, and two other men named Sweeney and Hurley, under the direction and supervision of a sub-foreman, Charles Kindt, were engaged, just before the injury, in fastening

an iron brace in a diagonal position across a panel composed of certain iron I-beams, the panel being about 9x11 feet and eight inches, and the brace which was being placed in position being about ten feet and nine inches long and weighing, as variously estimated by the witnesses, from 140 to 215 pounds. The brace was to be fastened to the I-beams by means of bolts which were to be inserted in holes near the ends of the brace, and also in the I-beams. It seems to have been necessary for the deceased in the course of his work to sit astride one of the I-beams near where one end of the brace was to be fastened, and Stephen Collins, his brother, to sit astride of another of the I-beams at the other end of the brace, in order that each man might place the brace in such position that the holes for the bolts would correspond with the holes in the I-beams, and when so placed to insert in the holes the bolts which were used for fastening the brace and I-beams together. In order to get the brace up in position to be fastened to the I-beams, Hurley and Sweeney, by ropes attached to each end of the brace where it lay upon planks or joists of the story of the building below (which was the fifth story), and which passed over the I-beams, raised the brace, with the assistance of the Collins brothers, by pulling upon the ropes, up to the I-beams. When the brace had been so raised up and Stephen Collins had secured his end of it by a bolt, but the deceased, Lawrence Collins, was unable because of the position of the brace, to get his bolt through the hole therein and into the I-beams, and while he was holding the brace in his hands, Kindt, the sub-foreman, came up a ladder to the place where Lawrence Collins was holding the brace, had the rope taken off the end of the brace, inserted in the hole in the brace an iron wrench and jarred or shook the brace, which jarring or shaking had the effect to loosen it so that it got out of the flange in the I-beam which supported the brace and fell to the story below, carrying Lawrence Collins with it, and he fell through a space between the planks there laid and into the basement, causing his death.

There is a conflict in the evidence as to whether Kindt

was the foreman over deceased and the other three men working with him, but we think the evidence is sufficient to justify the jury in finding that Kindt was the superior of deceased, that the particular work in question was being done under his direction and supervision, and that as to deceased, he occupied the position of vice-principal and not of a fellow-servant. It appears that the general foreman of appellant directed Stephen Collins to go with and work under the direction of Kindt, and that it was by Kindt's direction that the rope was taken off the end of the brace at the time when Kindt inserted the wrench in the hole in the brace and began to jar and shake it. Kindt himself testifies that he was directed by the general foreman to pick out the right beams and see that the right ones were put in place, and that he sent up to the Collins brothers the very beam which fell. Although he denies that he was foreman at the time, he admits that the men looked to him to see that the work was done right; that he gave them such instructions as he thought were necessary; that he told them what beam to pick out and where to put it, and that if he saw they were not doing right, he told them about it. In view of this evidence, we can not say that the jury was wrong in finding that he acted as and was a representative of the appellant and was not a fellow-servant of the deceased.

Kindt denies that he directed the rope to be taken off the end of the brace, and also denies that he inserted the wrench in the hole in the brace, and on the contrary testifies that the Collins boys untied the rope; but we are unable to say that a finding by the jury that Kindt directed the rope to be untied from the brace and that he inserted the wrench in the hole in the brace and jarred and shook it, can be said to be clearly and manifestly against the evidence. On one side, that of the plaintiff, is the testimony of Stephen Collins, the brother of deceased, which is corroborated by the evidence of Sweeney, who stood immediately under where Stephen Collins was at work; and on the other side, that of the defendant, the testimony of the sub-

foreman, Kindt, who is corroborated in some respects by Hurley. It is unnecessary to go into the detail of the evidence of these several witnesses. The conflict in their evidence was a matter peculiarly for the consideration of the jury and the trial court, and we think we should not disturb the verdict, it having been approved by the trial judge.

The witness Kindt, who had charge of this particular work, admits that the ropes were not usually unfastened from the brace before a bolt is put through the beam that holds them secure; also that the usual way of doing the business was to put in the bolt and screw it up before the rope was untied, and that the rope ought not to be taken off the beam until it was attached to the girder, evidently meaning that the rope should not be untied from the brace until the latter was fastened by a bolt to the I-beam. He also admitted that if the rope had not been taken off the beam it would not have fallen. If it is true that Kindt directed the deceased to remove the rope from the brace, and that in addition thereto he inserted the wrench into the hole in the brace and shook and jarred it so that it fell and carried down deceased with it, then Kindt was guilty of negligence, as charged, and appellant, under the circumstances shown, is liable therefor, if the deceased was at the time in the exercise of ordinary care for his own safety.

That deceased was guilty of contributory negligence is not argued, though that is mentioned and claimed under the fourth point in the brief. If deceased was guilty of contributory negligence, it was in removing the rope from the brace, which we have seen he was ordered to do by Kindt, the sub-foreman. His duty was to obey his foreman, unless the danger of obedience was so great that no man of ordinary prudence would, under the circumstances, have incurred the risk. We think from the evidence that was a question for the jury, and the verdict in that regard was justified.

The judgment is therefore affirmed.