*May Term, 1858.*

LAGOW v. NEILSON.

---

## LAGOW and Others *v.* NEILSON.

Causes of demurrer designating the alleged defects in the pleading to which they relate, with a sufficient degree of certainty, are good, though not assigned in any approved form.

An amendment to a complaint generally has relation to the time the complaint was filed; but this is not so when the amendment sets up a title not previously asserted, involving a question upon the statute of limitations. As to new parties brought in by amendment in such case, the statute continues to run until the amendment is made.

An answer setting up an estoppel by deed as to certain plaintiffs, and denying the right of certain others, tenants in common with them, to join in the action, because of such estoppel, but not alleging that they were parties to the deed, is bad on demurrer.

By our statute of limitations (2 R. S. p. 77, § 216), the time during which a defendant is a non-resident, &c., is not to be computed in any of the periods of limitation fixed by statute, in either real or personal actions; but the concluding part of that section should not be so construed as to allow the law of limitation of another state to be used here in actions for the realty.

In deciding a reserved case, the Supreme Court cannot look beyond the questions of law reserved in the Court below.

APPEAL from the *Knox* Circuit Court.

DAVISON, J.—This was an action of disseizin, commenced in *November*, 1843, by *Wilson Lagow* against *Hall Neilson*, for a tract of land in *Knox* county.

*Thursday, May 27.*

During certain proceedings in error, the original plaintiff died, and his heirs, *Clark B.*, *David H.* and *Elizabeth Lagow*, were made plaintiffs in his stead. After this, on the 25th of *November*, 1855, *Peter A. Springman* and *Eliza M. Shaw*, who claimed as tenants in common with the heirs of *Wilson Lagow*, were, by order of the Court, made new parties; and thereupon they, the said heirs, with the said *Springman* and *Shaw*, filed an amended complaint. At the *December* term, 1856, the defendant answered, 1. By a special denial. 2. By a general denial. 3. That the cause of action did not accrue to the plaintiffs within twenty years next preceding the institution of this suit. 4. That the defendant has been in the peaceable, adverse possession more than twenty years next before this action was brought. 5. That as to *Eliza M. Shaw*, the cause of action did not accrue within twenty years next before the commencement of this suit, by the filing of the amended complaint herein; nor did she commence the suit within two years after the death of *Henry M. Shaw*, her husband. 6. That *Shaw* and *Springman* are not entitled to prosecute jointly with the heirs of *Wilson Lagow*, the original plaintiff, because the said *Wilson*, with others, by deed of general warranty dated *September* the 19th, 1821, and duly recorded, &c., conveyed the land for which this suit is brought to the *State Bank of Indiana*, under which the defendant claims title; and the defendant having filed said deed with his answer herein, and made the same a part thereof, avers that the heirs of *Wilson Lagow* are estopped from denying that deed, and the covenants and recitals therein contained; and that the pretended titles of *Shaw* and *Springman* would conflict with the deed to the bank, and impair the warranty, &c. 7. That *Peter A. Springman* departed this life before the commencement of this suit.

Plaintiffs replied to the third, fourth and seventh paragraphs, and demurred to the fifth and sixth; but their demurrers were overruled. To the reply to the fourth paragraph, there was a demurrer sustained. Issues of fact were ultimately made upon all the defences; and the Court having tried the cause, gave judgment for the defendant.

The record states that this appeal was taken from the
decision of the Circuit Court upon questions of law which
were reserved, and which relate to the pleadings in the
cause. These questions will be noticed in the order in
which they appear in the transcript.

The causes of demurrer to the fifth and sixth paragraphs
of the answer are thus stated: "Plaintiffs demur to the
fifth paragraph, 1. Because, they say, it is not material
when said amendment was filed; and 2. Because the plea
of the statute of limitations relates to the commencement
of the suit, and not to the filing of the amendment. And
as to the sixth paragraph, the said *Shaw* and *Springman*,
having inspected the deed, &c., demur and say that neither
of them, nor those under whom they claim, are a party or
parties to said deed, or bound by the covenants therein.

The appellee contends that the causes assigned are not
within the statute, and the demurrers, for that reason, were
correctly · overruled. We think differently. The assign-
ments, it is true, are not in any approved form; still they
designate with a sufficient degree of certainty the alleged
defects in the pleadings to which they relate. We are re-
ferred to *Lane* v. *The State*, 7 Ind. R. 427, but that case is
not in point. There, the demurrer was held defective be-
cause it was general, and addressed to three paragraphs
collectively, without any particular specification as to the
defects of either.

The next inquiry is, whether the statute of limitations,
set up in the fifth paragraph, is an available bar to the ac-
tion, as against *Eliza M. Shaw*. Generally speaking, an
amendment to a complaint has relation to the time the
complaint was filed; but this never occurs when such
amendment sets up a title not previously asserted, and
which involves the question of the statute of limitations.
*Miller* v. *McIntire*, 1 McLean, 85.—*Same Case*, 6 Pet. 62.
Here, the new parties introduced by the amendment are
alleged to be tenants in common with the original plain-
tiffs. Consequently, they do set up a title not before as-
serted; because, in the language of the books, "tenants in
common are such as hold by several and distinct titles,

but by unity of possession." 1 Bouv. Law Dic. 574. We are of opinion that as to the new parties, the statute continued to run until the amendment was made.

The sixth paragraph assumes that, as the heirs of *Wilson Lagow* are estopped by his deed to the bank, *Shaw* and *Springman* were not entitled to join in the action. This conclusion seems to be incorrect. By such estoppel, their right of action could not be affected; because the code, in reference to actions for the recovery of real estate, expressly says that "one or more of the plaintiffs may recover the premises, or any part thereof, or any interest therein, or damages, according to the rights of the parties." 2 R. S. p. 167, § 600. Their demurrer to this defense should have been sustained; because it fails to aver that they, or those under whom they claim, are parties to the deed. Without such averment, that deed cannot, as to them, be held an estoppel.

The reply to the third paragraph of the answer is as follows: "Plaintiffs say that for twenty years next before the commencement of this suit, *Neilson*, the defendant, was a non-resident of this state." To this reply the Court sustained a demurrer. And the question to settle is, does the reply avoid the defense of the statute of limitations?

Section 216 of that statute, declares that "the time during which the defendant is a non-resident of the state, or absent on public business, shall not be computed in any of the periods of limitation. But when the cause has been fully barred by the laws of the place where the defendant has resided, such bar shall be the same defense here, as though it had arisen within this state." 2 R. S. p. 77.

It is insisted that this section was intended to apply to personal actions, and not to those instituted for the recovery of real property. We are not inclined to adopt that construction. As contended, the concluding branch of the section should not be so construed as to allow the law of limitation of a sister state to be used here in regard to actions for the realty; and it may be that, for the recovery of real estate, a party is never prevented from bringing his suit, by the non-residency of any claimant or owner; still

these conclusions, not being inconstant with the very explicit language used in the first branch of the enactment, cannot be allowed to control it. The phrase "shall not be computed in any of the periods of limitation," evidently refers to all the periods of limitation definitely fixed by the statute: hence, there seems to be no room left for construction. The demurrer was not well taken.

May Term, 1858.

THE NEW ALBANY, &C., RAILR'D CO. v. FIELDS.

The appellee insists that the judgment should be affirmed, though some of the demurrers were incorrectly decided; that the merits of the whole case were passed on by the Court sitting as a jury, and its finding should, therefore, be allowed to stand. The answer to this is, that the cause is before us as a reserved case, and we are not allowed to look beyond the questions of law reserved in the Circuit Court.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. Judah*, for the appellants.

*A. P. Hovey, A. T. Ellis* and *N. Usher*, for the appellee.

