————o————

## JONES v. PORTER.

PRACTICE—SUMMONS.—*Porter* brought suit against three parties to foreclose a mortgage. Afterward process was issued against *Jones* who was not named in the record. Subsequently he was made party by amended complaint. *Jones* appeared specially, and moved to quash the writ because it issued before any complaint was filed against him.

*Held*, that the motion should have been sustained.

APPEAL from the *Shelby* Common Pleas.

PERKINS, J.—*Porter* filed his complaint against *Whited* and two others to foreclose a mortgage. Process issued against and was served upon these three persons named in the complaint. Afterward process was issued against one *Joseph J. Jones*, who was not, thus far, named in the record, but who, it was understood, owned the equity of redemption of the mortgaged premises.

Afterward the plaintiff amended his complaint, making *Joseph J. Jones* a party, averring his ownership of the equity of redemption. The sheriff's return to the writ against said *Jones* was, "I have served this writ by leaving a certified copy at the house of *Joseph Jones*, that being *Joseph J. Jones'* last usual place of residence in my county."

Said *Joseph J. Jones* appeared specially to the suit for the purpose of moving to quash the writ against him, because it was issued before any complaint was filed against him. He made such a motion, and it was overruled.

He then moved, if the clerk is to be believed, to set aside the return of the service on him, upon affidavit that the house of *Joseph Jones* was not his place of residence, etc., and the motion was overruled.

The first motion should have been sustained. The amendment of the complaint as to him did not relate back

so as to make him a party from the commencement of the suit. 10 Ind. 183. See Bick. Pr. 45, 61.

The court might have investigated the fact on the second motion. This might not be allowable where the return comes in question collaterally, but here was a direct motion in the cause in which the return was made. Bick. Pr. 61, 62. However, the second motion was not included in a bill of exceptions, and need not be noticed.

This is a case in which the judgment may be reversed as to the defendant, *Joseph J. Jones*, and affirmed as to the others. He can have a separate trial and judgment, as to his right in the property, without inconvenience or prejudice to any party.

*Per Curiam.*—The judgment is reversed as to *Joseph J. Jones*, with his costs, and affirmed as to the other defendants, with costs.

*M. M. Ray* and *Benj. F. Davis*, for appellant.

*E. H. Davis, Cyrus Wright,* and *J. C. Greene,* for appellee.