## LOWRY v. DUTTON.

PLEADING.—It is sufficient if the names of the parties are stated in the title of the cause.

SAME.—TRESPASS.—An objection that a complaint for trespass does not state where the trespass was committed, is not raised by a demurrer for want of sufficient facts.

SAME.—PRAYER FOR JUDGMENT.—A prayer for judgment is only a matter of form, and the want of it, where a cause of action is stated, cannot be reached by demurrer.

SAME.—SIGNATURE OF PARTY OR ATTORNEY.—Where an amended complaint was not signed by the party or his attorney, it was held that as the defect was amendable on motion below, it would be regarded as amended on appeal, unless the objection was presented below by a motion to strike it from the files.

APPEAL from the *Porter* Common Pleas.

RAY, J.—*Dutton* sued *Lowry* before a justice of the peace for trespass done by cattle. *Lowry* had judgment. *Dutton* appealed to the Common Pleas. There a demurrer was sustained to the complaint, and *Dutton* filed an amended complaint in the following words: "That the plaintiff and one *Rathburn* each rented a piece of ground upon which to

raise crops; that each raised crops on their respective lands so leased; that said pieces of land so leased were not separated by a fence sufficient to turn cattle; that after raising the said crops, and while the plaintiff's grain was yet in the said field, the defendant, knowing that said fields were not separated by a sufficient fence, and that the plaintiff's grain was yet in the said field so leased by him, did unlawfully, wrongfully, &c., turn into the field so leased by the said *Rathburn,* a lot of cattle and other stock, which went upon the lands leased by the plaintiff and ate up, trampled upon and destroyed the crops of the plaintiff; that the said fence was not an outside fence, and it was not the duty of the plaintiff nor of the owner of the soil to erect a fence between said fields; that said defendant was warned against putting said cattle into said field by said *Rathburn* and by the plaintiff, and that said cattle destroyed two-thirds of twenty-eight acres of corn, of the value of $——, and one hundred and thirty bushels of oats, and two stacks of hay and oats, property of the plaintiff, all of the value of $200."

To this complaint a demurrer was overruled. The defendant then filed a plea in abatement, alleging that the cattle mentioned in the plaintiff's complaint were not the cattle of the defendant, but the property of the defendant and one *Lyman Blair.* To this plea, a demurrer was sustained. The defendant appeals to this court, and assigns for error the overruling of the demurrer to the amended complaint, and the sustaining of the demurrer to the plea in abatement.

In support of the demurrer, it is urged that the amended complaint does not contain the names of the parties. They are stated in the title of the cause. Again, that it does not state when or where the trespass was committed. The demurrer was not for want of jurisdiction, even if that cause would have raised any question when the want of such jurisdiction did not appear on the face of the complaint. No judgment was asked. This is only a matter of form, and

where a cause of action is stated, cannot be reached by demurrer. The amendment was not signed by the party or his attorney. The original complaint was signed, and this defect was amendable on motion, and will be regarded as amended in this court, unless presented in the court below by motion to strike it from the files. *Fankboner* v. *Fankboner*, 20 Ind. 62; *Harris et al.*, v. *Osenback*, 13 Ind. 445. The appellant submits that it is unnecessary to examine whether the answer in abatement is good or not. We fully concur. The act of reading .it supersedes an examination.

The judgment is affirmed, with costs, and ten per cent. damages.

*T. J. Merrifield* and *W. H. Calkins*, for appellant.

*S. I. Anthony, F. Church, S. E. Perkins* and *L. Jordan*, for appellee.