HAWTHORN ET AL. *v.* THE STATE, EX REL. HARPER.

STATUTE OF LIMITATIONS.—*Action on Official Bond.*—*Township Trustee.*—An action upon the official bond of a township trustee, if not commenced within three years after the accruing of the cause of action, is, as to sureties, barred by the statute of limitations.

SAME.—*Amendment.*—*New Relator.*—If an action upon such bond be commenced within three years after the cause of action has accrued, by an incompetent relator, and, after the expiration of that time, a substituted complaint by a competent relator be filed in such cause, the action, as to sureties, is barred.

From the Ripley Circuit Court.

*E. P. Ferris* and *W. K. Spencer*, for appellants.

*W. D. Ward* and *J. B. Rebuck*, for appellee.

PERKINS, C. J.—A suit, on the. relation of a different party, against the same defendants, was before this court and decided at the November term, 1874. *Hawthorn v. The State, ex rel. Johnson Township*, 48 Ind. 464. The judgment in that case was reversed.

Afterward, a substituted complaint was filed by the present relator. The substituted complaint is the only one appearing in the record of the cause now before us. We know nothing of the contents of the former. The substituted complaint was filed on the 8th day of September, 1875. It was based upon the official bond of John M. Stewart, as township trustee, and alleged a cause of action accruing in October, 1870.

A demurrer to the complaint was overruled, and exception taken.

The defendant then filed several paragraphs of answer of the statute of limitations of three years, and, also, other paragraphs. A demurrer was sustained to each and all of those setting up the statute of limitations, and exceptions were reserved.

We will first consider and decide the question of limitation; for, if the suit is barred by that statute, we need examine no other question.

Suits against the makers of official bonds must be commenced within three years from the time the cause of action accrued. 2 R. S. 1876, p. 122, sec. 211; *Pickett* v. *The State, ex rel., etc.*, 24 Ind. 366. But, by the appellee, it is contended, that, as matter of fact, this suit was commenced within that time; and that the substitution of a new complaint, on the relation of a new party, after the expiration of three years, is but a continuation of the suit commenced by a former incompetent relator, which was commenced within three years; while, on the other side, this proposition is denied.

In a suit upon the official bond of a township officer, the relator is the real plaintiff, and the question is, whether a suit by a plaintiff who has no cause of action, and is dismissed from court for that reason, can prevent the running of the statute against the plaintiff who has the cause of action, but neglects to sue upon it.

In *Lagow* v. *Neilson*, 10 Ind. 183, it is said:

"Generally speaking, an amendment to a complaint has relation to the time the complaint was filed; but this never occurs when such amendment sets up a title not previously asserted, and which involves the question of the statute of limitations. *Miller* v. *McIntire*, 1 McLean, 85; Same Case, 6 Pet. 62." See, also, *Jones* v. *Porter*, 23 Ind. 66, where the same doctrine is held, as to the introduction of a new party.

We think this suit can not be regarded as having been commenced by the former relator, and that, as to the sureties, it is barred by the statute of limitations.

It is not within section 218 of the practice act. 2 R. S. 1876, p. 127.

The judgment is reversed, with costs, and the cause remanded, etc.