No. 87.

### Shirk, Executor, *v.* Coyle.

ABATEMENT.—*Death of Party Pending Suit—Revival of Action.—Jurisdiction.*—Where a cause is pending at the death of a testator, and is revived against his personal representatives, the court has jurisdiction of the subject-matter of the action, including everything that might, within the reasonable discretion of the court, subsequently be admitted into the issues by amendment.

SAME.—*Limitation of Action.—Amendment of Pleading.*—Where an additional paragraph of complaint, filed as an amendment, does not introduce into the action a new right, but simply declares upon the original cause in a different legal manner, the amendment relates to the time of the commencement of the action, and an answer setting up the statute of limitations, which does not show it to have been barred at that time, is bad on demurrer. In such a case a reply alleging that the cause of action stated in the amendment is the same as that contained in the original complaint, though in different legal form, is good.

BILL OF EXCEPTIONS.—*Long-Hand Manuscript of Official Reporter.*—A long-hand manuscript of the evidence, taken in short-hand, to be made available on appeal, must be incorporated bodily into the bill of exceptions, and certified to the Appellate Court by the clerk.

VERDICT.—For a verdict held sufficient to support a judgment for plaintiff in an action for services rendered defendant, see opinion.

From the Miami Circuit Court.

*H. J. Shirk, J. Mitchell* and *C. A. Cole,* for appellant.

*J. L. Farrar, J. Farrar* and *S. D. Carpenter,* for appellee.

CRUMPACKER, J.—John L. Farrar, Josiah Farrar and Stephen D. Carpenter filed a complaint in the Miami Circuit Court in March, 1880, against Elbert H. Shirk, to recover from him a balance alleged to be due from him to one John Coyle, and assigned by Coyle to the plaintiffs. Subsequently the claim in suit was re-assigned to Coyle, and by agreement of parties Coyle was substituted as plaintiff in the case in February, 1881.

The cause was tried at the December term, 1883, of the Miami Circuit Court, and a special verdict was returned by the jury, and upon the defendant's motion the verdict was set aside and a new trial granted. The cause was then continued from term to term, and in 1886 Elbert H. Shirk, the defendant, died testate, and Milton Shirk, the appellant, was appointed executor of his last will, and duly qualified and undertook the execution of such trust, and upon due application he was substituted as defendant. After such substitution, by leave of court and without objection, an amended complaint was filed, consisting of three paragraphs.

The first paragraph alleged that the testator was indebted to the appellee upon balance due for salary to the amount of $365.83, which was due and unpaid. It was substantially the same as the original complaint.

In the second paragraph the appellee alleged that he deposited with Elbert H. Shirk, in his lifetime, various sums of money to be paid to him on demand, amounting in the aggregate to $365.82, and that demand had been made and payment refused.

The third paragraph was withdrawn before trial.

A separate demurrer was filed to each paragraph and overruled, and an answer in four paragraphs was filed to the first

paragraph of complaint, and at the same time an answer in abatement was filed to the second paragraph of complaint.

A demurrer was sustained to the plea in abatement, and appellant excepted, and thereupon filed an answer in bar addressed to the second paragraph of complaint in two paragraphs, the first of which alleged that the cause of action contained in the second paragraph of complaint did not accrue within six years before the death of the testator.

A reply was filed to the answer in several paragraphs, to which a several demurrer was filed and overruled.

The cause was tried by a jury, and a special verdict was returned, upon which judgment was entered for appellee. A motion for a new trial was overruled, and exceptions reserved.

Errors are assigned in this court as follows:

1. In sustaining the demurrer to the plea in abatement.

2. In overruling the demurrer to the fourth paragraph of reply.

3. In sustaining appellee's motion for judgment on the verdict.

4. Overruling the motion for a new trial.

The answer in abatement averred that the claim sued upon in the second paragraph of complaint accrued in the lifetime of the testator, and no suit was pending therefor at the time of his death, and that his estate was in process of settlement, and no claim had been filed therefor against the estate.

It is contended that the demand counted upon in the second paragraph of the complaint should have been filed against the estate pursuant to the provisions of section 2310, R. S. 1881, and that the trial court had no jurisdiction to hear and determine the subject-matter of that paragraph as an amendment to the original complaint. The amended complaint was filed in open court without objection, and introduced into the action a claim of the same general nature as that contained in the original complaint.

The plea in abatement was filed with an answer in bar in

four paragraphs addressed to the first paragraph of complaint.

We need not decide whether it was rightly rejected on that account, under section 365, R. S. 1881, which requires matter in abatement to be pleaded and determined before matter in bar can be pleaded, because we are of the opinion that, as the original cause was pending at the death of the testator, and was properly revived against his personal representatives, this gave the court jurisdiction of the subject-matter of the action, including everything that might, within the reasonable discretion of the court, subsequently be admitted into the issues by amendment.

Evidently the same latitude is allowed courts in permitting amendments in causes revived against personal representatives under section 271, R. S. 1881, as is allowed in ordinary actions, having due regard for the rights of the respective parties and the speedy and effective administration of justice. *Clodfelter* v. *Hulett*, 92 Ind. 426.

No error was committed in rejecting the plea in abatement.

The alleged error of the court in overruling the demurrer to the fourth paragraph of reply next demands our attention. This paragraph of reply was addressed to the paragraph of answer setting up the six-year limitation to the subject-matter in the second paragraph of complaint.

As has been noted, the answer alleged that the right of action did not accrue within six years before the death of the testator. The suit was commenced in 1880, and the testator died in 1886, and this answer was predicated upon the theory that the second paragraph of complaint introduced into the action a new and independent right.

The fourth paragraph of reply alleged that the account sued upon in that paragraph of complaint was the same, in essence, as the right declared upon in the original complaint, but was stated simply in a different legal form.

In general, amendments to complaints relate to the time of the commencement of the action, but where a new and

independent right is brought in by amendment, in applying the statute of limitations reference must be had to the time of the amendment. *Hawthorn* v. *State, ex rel.*, 57 Ind. 286; *Lagow* v. *Neilson*, 10 Ind. 183.

In determining this question, however, we must look to the substantial nature of the claim so introduced into the action, and not to the formal manner in which it is declared upon as the basis of a legal liability.

The paragraph of reply under consideration avers that the cause of action stated in the second paragraph of complaint is the same, in substance, as that contained in the first paragraph. It simply asserts the identity of the two causes, although they were pleaded in different forms.

Where an additional paragraph of complaint filed as an amendment does not introduce into the action a new right, but simply declares upon the original cause in a different legal manner, the amendment relates to the time of the commencement of the action, and an answer setting up the statute of limitations which does not show it to have been barred at that time is bad on demurrer. In this case it required the reply to show that the second paragraph of complaint counted upon the same transaction as the original complaint, therefore we hold the reply good.

The motion for a new trial was grounded solely upon alleged errors in the admission and exclusion of evidence. A stenographer was appointed by the court to take the evidence in short-hand, and a document purporting to be the original long-hand manuscript of the evidence transcribed by the stenographer, was transmitted with the transcript, but is wholly disconnected and detached from it. This document bears no evidence of having been filed with the clerk, except what may be inferred from the file mark stamped upon it. It is not certified in any manner by the clerk, and the only certificate it bears is that of the stenographer and a statement signed by the presiding judge certifying that it contains all of the evidence given in the cause. A long-

hand manuscript of the evidence taken in short-hand, to be made available on appeal, must be incorporated bodily into the bill of exceptions, and *certified to the Appellate Court by the clerk.* *Wagoner* v. *Wilson,* 108 Ind. 210; *Ohio, etc., R. W. Co.* v. *Voight,* 122 Ind. 288; *Patterson* v. *Churchman,* 122 Ind. 379. This was not done in the case before us. We can not, therefore, heed any question arising upon the motion for a new trial.

The only other question which demands notice relates to the sufficiency of the verdict to support the judgment.

A compendious statement of the facts contained in the verdict is as follows:

In 1875, the firm of Torry & Coyle, composed of John Torry and Philomena Coyle, the appellee's wife, was engaged in the manufacture of bagging from flax tow, at Peru, Indiana, and such firm was indebted to the testator to a large amount. They entered into a written contract with him by the terms of which he agreed to furnish materials to carry on the business, and the entire product of the factory was to be turned over to and sold by him, and after the payment of expenses he was to apply the balance of the proceeds towards liquidating the firm's indebtedness to him. After the execution of the written contract the testator agreed with the appellee to pay him at the rate of $1,500 a year for his services in the factory, and under this arrangement appellee worked several years in the factory, during which time the testator received the whole product of the business, and from the proceeds paid the expenses of operation, and the balance he applied according to the terms of the written agreement. He paid appellee most of his salary and charged the entire amount to the firm with its consent, but still owed appellee the amount found due him by the jury, which was due and unpaid at the commencement of the action. A number of other facts were found not inconsistent with the above statement however, and which are not necessary to the determination of the question.

There can be no question about the appellee's right to recover upon these facts. An unqualified agreement existed upon the part of the testator to pay appellee for his services, and he charged the entire salary to the firm, but failed to pay it all to the appellee.

No error was committed in overruling the motion for a *venire de novo,* nor in rendering judgment in appellee's favor upon the verdict.

The judgment is affirmed, with costs.

Filed May 12, 1891; petition for a rehearing overruled Sept. 19, 1891.