## The Chicago General Railway Company

### *v.*

### Margaret Carroll, Admx.

*Opinion filed February 20, 1901.*

Pleading—*when additional counts are not barred by the two year Statute of Limitations.* If the original declaration, though charging negligence in general terms, states a good cause of action, additional counts filed more than two years after the injury, charging specific acts of negligence, proof of which would have been competent under the original declaration, are not barred by the Statute of Limitations.

*Chicago General Railway Co.* v. *Carroll*, 91 Ill. App. 356, affirmed.

| 189 | 273 |
|---|---|
| 94a | 431 |
| 94a | 520 |

| 189 | 273 |
|---|---|
| d192 1 | 39 |

| 189 | 273 |
|---|---|
| 103a | 203 |

| 189 | 273 |
|---|---|
| 202 | 137 |
| 104a | 56 |

| 189 | 273 |
|---|---|
| 107a | 154 |
| 108a | 196 |
| 108a | 435 |

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. John Gibbons, Judge, presiding.

Defrees, Brace & Ritter, for appellant.

King & Gross, (Andrew J. Hirschl, of counsel,) for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from the Appellate Court for the First District, affirming a judgment of the circuit court of Cook county for $5000, in favor of appellee, against appellant, in an action to recover damages for the wrongful killing of appellee's intestate.   The declaration was filed June 8, 1896, and on December 20, 1898,—more than

two years after the action accrued,—the plaintiff filed two additional counts, which form the ground of controversy on this appeal. To these two additional counts the defendant pleaded the Statute of Limitations, alleging that they stated a new cause of action, and under section 14 of "An act in regard to limitations," approved April 4, 1872, were improper, because not filed within two years after the cause of action accrued. To these pleas setting up the Statute of Limitations the court sustained a demurrer, and upon this appeal the only question presented to us is whether or not the court committed error in that ruling.

Appellant insists that the cause of action stated in the first and second additional counts filed after the expiration of two years is different from that stated in the original declaration. The declaration as originally filed states, in substance, that on April 16, 1896, the defendant, by its servants, was operating a motor car on its street railway on Twenty-second street, in the city of Chicago; that the plaintiff's intestate was with all due care and diligence driving across the street railway in a wagon; "that defendant, by its servants, so carelessly and improperly drove and managed said motor car that by and through the negligence and improper conduct of the defendant said motor car ran and struck, with great force and violence, upon and against said wagon," resulting in the injury to plaintiff's intestate. The first additional count to which the plea of limitations was filed charges that the defendant "negligently and carelessly drove said car * * * at a higher rate of speed than was prudent under the circumstances," and the second additional count avers negligence in the following language: "Said horse and wagon in which was the plaintiff's intestate was passing over the tracks of defendant at said time while said electric or motor car was still a great distance, to-wit, two hundred feet away from plaintiff's intestate; that the presence of said wagon with

plaintiff's intestate therein upon said tracks was known, or by the exercise of reasonable diligence could have been known, to the servants and agents of the defendant in charge of said car in time for said servants and agents to have stopped said car before the same reached the wagon in which the plaintiff's intestate was riding, but, on the contrary, negligently and carelessly drove said car upon and against the wagon," etc.

We have repeatedly had occasion to determine whether the Statute of Limitations is a bar to additional counts filed after the expiration of two years, and the rule uniformly announced has been, that if the additional counts state a new cause of action or a different cause of action from that stated in the original count or counts a plea of the statute is good as to the additional counts, but if the new counts are but a re-statement of the cause of action set up in the original count or counts the statute cannot be pleaded thereto. So that the question here, in determining whether the circuit court erred in sustaining a demurrer to the pleas, must be, do the additional counts, or either of them, state a different cause of action from that alleged in the original declaration?

The first count of the declaration, though charging negligence in general terms, stated a good cause of action. (*Chicago City Railway Co.* v. *Jennings,* 157 Ill. 274.) The declaration in that case was in all material respects like the first count in this declaration, and was held good. It is therefore unnecessary to determine whether, in view of the fact that the defendant failed to stand by its demurrer to that count and filed its plea thereto, it could, on its demurrer to special pleas, insist that the first count stated no cause of action. There can be no question that proof of the facts alleged in both of the additional counts would have been competent under the first count, and that being true, it cannot be logically or truthfully said that the additional counts stated a different cause of action from that stated in the first origi-

nal count. The first count alleges negligence in general terms; the additional counts charge the same cause of action in specific terms. The first count charges no specific acts of negligence; then how can it be said that counts which do specify the acts of negligence state a different cause of action from that averred in the original count? If the original count had charged negligence in the doing of some particular act or omitting to perform some particular duty, and the additional counts had charged the defendant with doing a different act of negligence or omission of a different duty, as in the cases of *Illinois Central Railroad Co.* v. *Campbell,* 170 Ill. 163, and *Chicago City Railway Co.* v. *Leach,* 182 id. 359, cited by appellant, then clearly a different cause of action would have been stated. But no such case was presented here.

The demurrer to the pleas was properly sustained, and the judgment will be affirmed.

*Judgment affirmed.*