## WILLIAMS *v.* LOWE.

[No. 7,533.   Filed March 8, 1912.]

1.   PLEADING.—*Amendments.*—Trial courts have much latitude in
     permitting amendments to pleadings. p. 610.
2.   LIMITATION OF ACTIONS.—*Amended Complaint.*—*New Cause of
     Action.*—An amended complaint stating a new cause of action
     does not relate back to the time of filing the original complaint,
     where the statute of limitations is answered, but the sufficiency
     of such cause must be tested as of the date of filing such amended
     complaint. p. 610.
3.   PLEADING. — *Complaint.* — *Amendments.* — *New Cause.*—*Test.*—
     Whether a new cause of action is stated in an amended com-
     plaint may generally be determined by ascertaining (1) whether
     the same evidence will support both, (2) whether a judgment on
     one will constitute a bar to a judgment on the other, (3) whether
     the same measure of damages will govern both, and (4) whether
     the same defenses are open to both.  p. 610.

Williams *v.* Lowe—49 Ind. App. 606.

4. BILLS AND NOTES. — *Partnership.—Complaint.—Amendment.—New Cause.*—Where an original complaint demanding the recovery from defendants of an alleged sum due from them as a partnership liability, is amended by dismissing as to one thereof and by declaring on a check issued by the other to the plaintiff in payment of such debt, a new cause of action is stated.    p. 611.

5. PARTNERSHIP.—*Liability.—Joinder.*—Where partners are sued upon a joint liability they can be held liable only upon proof establishing such joint or partnership liability; and §594 Burns 1908, §568 R. S. 1881, providing that "judgment may be given for or against one or more of several  *  *  *  defendants" cannot be invoked to sustain a judgment against one partner without showing him to be jointly liable as such partner.   p. 611.

6. BILLS AND NOTES.—*Checks.—Payment of Partnership Debt.—Evidence.*—In an action on a check given by one partner in payment of a partnership debt, it is not necessary to show a partnership liability as against the drawer of the check.   p. 611.

7. PLEADING. — *Complaint. — Amendments.—Discretion.—Appeal.*—The discretion of the trial courts in permitting amendments is judicial; and if the right is denied or unreasonably abridged the error will not be considered harmless.   p. 611.

8. BILLS AND NOTES. — *Partnership.—Complaint.—Amendments.*—The trial court may permit the amendment of a complaint against two defendants on a partnership liability so as to declare against one thereof on a check issued in payment of such liability. p. 612.

9. PLEADING.—*Complaint.—Amendments.—New Cause.—Parties.—Jurisdiction.—Plea in Abatement.*—Where a complaint declaring against two parties on a partnership liability was dismissed as to one and an amended complaint filed against the other on a check issued in payment of such debt, a plea in abatement by such defendant that he, at the time of the filing of the amended complaint, was a resident of another county, should be sustained, since the defendant has a right to be sued in his own county. p. 612.

10. APPEAL.—*Obiter.*—Where the trial court erroneously sustained a demurrer to a plea in abatement to the jurisdiction, the court, on appeal, cannot determine the merits of the substantive defenses pleaded, since upon a trial of such plea below, the court may not have jurisdiction; and any decision on such defenses would be *obiter.*  p. 612.

From Newton Circuit Court; *Jas. T. Saunderson,* Judge.

Action by John C. Lowe against George A. Williams. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Foltz & Spitler, Chas. M. Snyder,* for appellants.

*E. B. Sellers,* for appellee.

FELT, C. J.—This is a second appeal in this case. A previous judgment, rendered by the Newton Circuit Court, against appellant and Ulysses M. Baughman, in favor of appellee was reversed and the cause remanded for a new trial. *Baughman* v. *Lowe* (1908), 41 Ind. App. 1. Thereupon appellee dismissed his action as to Baughman, and, on leave of court, filed an amended complaint in two paragraphs against appellant Williams as the sole defendant. Appellant filed a plea in abatement in four paragraphs, to which a separate demurrer was sustained. Appellant then filed a motion to strike the complaint from the files, which motion was overruled, and a change of venue was taken to the Benton Circuit Court. A demurrer to the complaint was there overruled, and appellant filed an answer in nine paragraphs, to the third, eighth and ninth of which demurrers were sustained, and the others were thereupon withdrawn. Appellant refused to plead further, and judgment was rendered against him.

Of his assignment of errors appellant presents and relies on the following: (1) That the court erred in sustaining a separate demurrer to the third, eighth and ninth paragraphs of answer; (2) that the court erred in sustaining a separate demurrer to the first, second, third and fourth paragraphs of the plea in abatement.

The complaint in the original action was against the firm of Baughman & Williams, as attorneys, to recover money collected by them for appellee. Each paragraph of the amended complaint seeks to recover on a check issued by appellant to appellee for the money so collected by said firm, which check is made an exhibit with each paragraph of the complaint, and demand made for the amount due thereon. Thus far there is no disagreement. But appellant contends that the amended complaint states a new cause of action, and

assigns two principal reasons therefor, viz.: (1) The original suit was against the partnership of Baughman & Williams to collect the debt due to appellee for money collected by said attorneys, and the amended complaint seeks to recover on a check; (2), after the judgment was reversed and the cause remanded, the action was dismissed as to Baughman, and the amended complaint filed against appellant Williams only.

Appellee contends that the amendment was made on leave of court; that the amended complaint states no new cause of action; that it was discretionary with the trial court to permit the amendment, and that if a new cause of action is stated it is fully authorized, and appellant is not harmed thereby, because no question of the statute of limitations is involved; that since the amendment was authorized by statute and by our decisions, no error was committed by the trial court in sustaining the demurrer to the plea in abatement.

We shall first consider the alleged error in ruling on the plea in abatement. The several paragraphs of the plea aver, in substance, that the original suit was against the members of said law firm on an alleged partnership liability for money collected for appellee; that judgment was rendered thereon, appealed from and reversed, and a new trial ordered; that thereafter appellee dismissed the action as to Baughman, one of the partners, and on leave of court filed an amended complaint against appellant, the other member of said firm, on a check issued by him to appellee; that the original action was pending in the Newton Circuit Court where said amended complaint was filed; that appellant was at the time a resident of Jasper county, Indiana, and not liable to be sued and to have legal process served on him in said Newton county.

The averments on the plea are not questioned by appellee, but it is contended that the leave to amend, granted by the

trial court, fully authorized all that was done, that appellant is bound thereby, and that his plea is insufficient in law.

1. Our statute and numerous decisions give much latitude in the matter of amendment of pleadings. §403 *et seq.* Burns 1908, §394 R. S. 1881.

2. If a new cause of action is stated by way of amended pleading, and the statute of limitations is involved, the amended pleading cannot be made to relate back to the beginning of the action to defeat the statute.

Likewise, where a new cause of action is stated in the amended pleading, and the statute of limitations is pleaded, its sufficiency must be tested as of the date of the filing of the amended pleading. *Fort Wayne Iron, etc., Co.* v. *Parsell* (1912), *ante,* 565; *Blake* v. *Minkner* (1894), 136 Ind. 418; *Fleming* v. *City of Anderson* (1907), 39 Ind. App. 343; *Chicago, etc., R. Co.* v. *Bills* (1889), 118 Ind. 221; *Hawthorn* v. *State, ex rel.* (1877), 57 Ind. 286; *Jones* v. *Porter* (1864), 23 Ind. 66; *Lagow* v. *Neilson* (1858), 10 Ind. 183, 185.

Does the amended complaint against appellant Williams alone, on the check issued by him to appellee, state a different cause of action from that stated against Baughman & Williams as partners for money collected by them belonging to appellee?

3. The generally accepted and recognized tests by which to determine whether a cause of action stated in an amended pleading is the same as that stated or attempted to be stated in the original pleading are suggested by asking the following questions: (1) Will the same evidence support each? (2) Will a judgment on one be a bar to a judgment on the other? (3) Will the same measure of damages govern both? (4) Is each open to the same defense?

An affirmative answer to these questions indicates that the cause of action is the same in each, while a negative answer indicates that they are different. *Fort Wayne Iron,*

*etc., Co.* v. *Parsell, supra; Blake* v. *Minkner, supra; Fleming* v. *City of Anderson, supra; Thrall* v. *Gosnell* (1902), 28 Ind. App. 174, 177; 31 Cyc. 417, and notes; notes to *Missouri, etc., R. Co.* v. *Bagley* (1905), 3 L. R. A. (N. S.) 259-274; *Whalen* v. *Gordon* (1899), 95 Fed. 305, 37 C. C. A. 70; *Chicago, etc., R. Co.* v. *Carroll* (1901), 189 Ill. 273, 59 N. E. 551; *Walker* v. *Wabash R. Co.* (1906), 193 Mo. 453, 92 S. W. 83.

These tests, taken separately, may not always be decisive or infallible, but when all are applied to the facts of a particular case they will indicate with reasonable certainty whether the cause of action stated in the amended pleading is or is not new, and different from that of the original. Applied to the facts of this case, the test shows clearly that a new cause of action is stated in the amended complaint. This we think is apparent, without reference to the dismissal as to one of the defendants, but the conclusion is strengthened by reference to that fact in connection with the original complaint, for it has been held that where partners are sued on a joint liability as such, they can only be held liable by proof establishing such joint or partnership liability, and that the provisions of the statute, in reference to taking "judgment * * * for or against one or more of several defendants" (§594 Burns 1908, §568 R. S. 1881), cannot be invoked to support a judgment against one of two or more partners, without showing him to be jointly liable as such partner. *Beatty* v. *O'Connor* (1891), 2 Ind. App. 337; *Rose* v. *Comstock* (1861), 17 Ind. 1, 5; 30 Cyc. 595 and notes 47, 48.

It is apparent that no such proof would be required to sustain, or be pertinent to, the issue tendered by the amended complaint.

Appellee contends that the discretion of the trial court in allowing amendments covers all questions relating to the new cause of action. While the trial court has a wide discretion in such matters, it is a judicial discre-

tion that may be reviewed on appeal, and if the right given by the statute is denied or unreasonably abridged, the discretion of the trial court will not render an error harmless. *Chicago, etc., R. Co.* v. *Jones* (1885), 103 Ind. 386; *Home Ins. Co.* v. *Overturf* (1905), 35 Ind. App. 361.

The difficulty in this case does not arise, however, from the court's permission to file the amended complaint. To this we see no valid objection. The error, if any, lies beyond this action. It has never been held that the question of the trial court's discretion in permitting the filing of amended pleadings has any effect on the right to invoke the statute of limitations when a new cause of action is stated. By analogy we can see no possible application of the rule of discretion to the question of jurisdiction raised by a plea in abatement filed to an amended complaint stating a new and different cause of action.

The statutory right to be sued in the county of one's residence is of equal merit with the right to invoke the statute of limitations as a defense to a cause of action. While we find no case where this question has arisen, the analogy to the question arising on an amended pleading, where the statute of limitations is invoked, is so clear that reason and justice demand its application to the question raised by the assignment that the court erred in sustaining the demurrer to the plea in abatement. The question is duly presented to this court, and the error available to appellant. *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15; *Chandler* v. *Citizens Nat. Bank* (1898), 149 Ind. 601.

We therefore conclude that the trial court erred in sustaining the demurrer to the plea in abatement. If on trial of the issue presented by that plea the proof sustains its allegations, this action will abate. In that event, any holding we might make on the answers in bar of the cause of action in this case would not be the law of the case if another suit is filed in the county where appellant re-

sides. For this reason, we do not pass on the sufficiency of those answers in this case.

The judgment is reversed, with instructions to the lower court to overrule the several demurrers to each paragraph of the plea in abatement, and for further proceedings in accordance with this opinion.