MAHER *v.* HADFIELD ET AL.

[No. 17,795. Filed June 29, 1949. Rehearing denied October 5, 1949.]

*Frank A. Symmes, Jr., Charles W. Symmes, Frank A. Symmes,* and *Owen S. Boling;* and *Symmes, Flem-*

*ing & Symmes* (of counsel), all of Indianapolis; and *Waldo C. Ging,* of Greenfield, for appellant.

*Hugh E. Reynolds, James E. Rocap;* and *Gilliom, Armstrong & Gilliom;* and *Kivett, Chambers, Vernon & Kivett,* all of Indianapolis, and *Arthur C. Van Duyn,* of Greenfield, for appellees.

WILTROUT, P. J.—This is an action to resist the probate of the purported last will and testament of John J. Maher, deceased.

Decedent died April 19, 1943, and his will was offered for probate during that month. Within a month of his death, on May 14, 1943, appellant and six others as co-plaintiffs filed a complaint to resist the probate of the will, and the defendants filed answers. From that complaint it appears that appellant and two of his co-plaintiffs were nephews of the decedent, and were decedent's next of kin and sole and only heirs at law. The other four plaintiffs were children of the appellant and alleged to be recipients of a portion of the residuary estate under the will.

On May 15, 1947, four years after the complaint was filed, the defendants filed motion for leave to withdraw the answers, which motion was granted. Defendants thereupon filed a demurrer to the complaint.

Appellant, on June 17, 1947, as sole plaintiff, filed what is designated as an amended complaint, to resist the probate of the will, making as additional defendants his previous co-plaintiffs. The defendants to that complaint are the appellees herein. To this amended complaint five of the appellees, all of whom were named as defendants to the original complaint, filed their demurrer on the ground that it did not state facts sufficient to constitute a cause of action.

This demurrer was sustained and the appellant ordered to plead over. Upon appellant's refusal to plead further the court rendered judgment in favor of appellees. From the sustaining of this demurrer this appeal is prosecuted.

The sole ground presented in the memorandum to the demurrer to the amended complaint and the sole ground asserted on this appeal is that the action is barred by the statute of limitations. Appellees in the memorandum state that the amended complaint, if filed within the time allowed by statute, presents a good cause of action.

Appellees' contention is that the pleading designated as an amended complaint is not such, but is an original complaint, and as such states no facts which would take the cause of action out of the operation of the statute of limitations; that it shows on its face that the action is barred; that the dropping of improper parties plaintiff and the filing of a complaint stating a cause of action in the name of the remaining plaintiff makes a wholly different and new cause of action; that reference must be had to the time of filing the amended complaint in applying the statute of limitations; that no facts are asserted in the amended complaint to show that the same is not a new action. This contention can not be sustained.

Both the complaint and the amended complaint sought to resist the probate of the alleged will on the grounds that the decedent was of unsound mind and incapable of making a will at the date of its execution; that the will was unduly executed; and that it was never executed. The principal difference is that appellant's co-plaintiffs in the original complaint are named as defendants in the amended complaint. The principal elements of the controversy remain the same. No

new matter or claim is asserted. The object of the action is the same.

The cause of action stated in the original complaint was not joint, nor were the interests of the parties joint, but several. The fact that some of them might not have been proper parties as plaintiffs is no defense to an action by the others. Appellant might have filed the original complaint though the other plaintiffs had refused to join. *Floyd et al.* v. *Floyd et al.* (1883), 90 Ind. 130; Burns' 1933 (1947 Supp.), § 7-504.

In determining whether the amended complaint states a new cause of action, the court must look to the substantial nature of the case and not to the strict form of its presentation, for in the strict sense almost any amendment may be said to change the original cause of action. *Oölitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 91 N. E. 944; *Shirk, Executor* v. *Coyle* (1891), 2 Ind. App. 354, 27 N. E. 638.

If a new and different cause is stated by way of amended complaint and the statute of limitations is involved, the amended pleading cannot be made to relate back to the beginning of the action to defeat the statute. *Williams* v. *Lowe* (1912), 49 Ind. App. 606, 97 N. E. 809.

Where an amended complaint merely amplifies or restates the cause of action set out in the original complaint, it relates back to the commencement of the action, and the statute of limitations is arrested at that point. *Attica Bldg. & Loan Assn.* v. *Colvert* (1939), 216 Ind. 192, 23 N. E. 2d 483; *Lavene* v. *Friedrichs* (1917), 186 Ind. 333, 115 N. E. 324, 116 N. E. 421; Flanagan, *Indiana Pleading and Procedure* 249, § 202. It is stated in I Lowe's Rev., *Works' Indiana Practice* 118, § 4.38, that: "The

generally accepted and recognized tests by which to determine whether a cause of action stated in an amended pleading is the same as that stated in the original pleading are made by asking the following questions: (1) Will the same evidence support each? (2) Will a judgment on one be a bar to a judgment on the other? (3) Will the same measure of damages govern both? (4) Is each open to the same defense?" Flanagan, *Indiana Pleading and Procedure* 249, § 202, sets forth these tests plus two others: "if the allegations of the amended complaint had been pleaded in a reply would it have amounted to a departure?" and "does the amended complaint set up a title not before asserted?" See also *Williams* v. *Lowe, supra;* 54 C. J. S., Limitation of Actions, § 279; *Raley* v. *Evansville Gas, etc., Co.* (1910), 45 Ind. App. 649, 90 N. E. 783, 91 N. E. 571.

After applying the applicable tests, we are of the opinion that the amended complaint does not state a new or different cause of action, or change the cause of action, originally stated, and that it relates back to the date of filing of the original complaint. *Hogle* v. *Reliance Manufacturing Company* (1943), 113 Ind. App. 488, 48 N. E. 2d 75, 48 N. E. 2d 999; *MacBeth* v. *Benninghoff* (1941), 108 Ind. App. 652, 31 N. E. 2d 665; *The Attica Bldg. & Loan Assn.* v. *Colvert, supra; Terre Haute, etc., R. Co.* v. *Zehner* (1906), 166 Ind. 149, 76 N. E. 169.

The trial court erred in sustaining appellees' demurrer to the amended complaint.

Judgment reversed, with instructions to overrule appellees' demurrer.

Bowen, C. J., not participating.

NOTE.—Reported in 86 N. E. 2d 716.