The **KLINGBEIL COMPANY,** Appellant (Plaintiff Below),

v.

**RIC–WIL, INC.** and **Kenneth Roan d/b/a Roan Construction Company,** Appellees (Defendants Below),

and

**Governour's Square of Indianapolis Company III,** Appellee (Plaintiff Below).

No. 2–281A57.

Court of Appeals of Indiana, Second District.

June 24, 1982.

Rehearing Denied July 28, 1982.

---

Alan H. Lobley, Charles E. Greer, Ice Miller Donadio & Ryan, Indianapolis, for appellant.

Marvin Mitchell, Teresa Todd, Mitchell, Yosha & Hurst, Indianapolis, for appellee Kenneth Roan d/b/a Roan Const. Co.

John D. Nell, Wooden McLaughlin & Sterner, Indianapolis, for appellee Ric-Wil, Inc.

SULLIVAN, Judge.

The plaintiff-appellant, The Klingbeil Company (Klingbeil), appeals the entry of summary judgment against it in its action against defendants-appellees, Ric-Wil, Inc. (Ric-Wil) and Kenneth Roan, doing business as Roan Construction Company (Roan). Klingbeil contends that the trial court erred as a matter of law in determining that Klingbeil's claims were time-barred.

We agree and reverse the judgment.

This case represents an appeal from a partial summary judgment pursuant to Ind. Rules of Procedure, Trial Rules 54(B) and 56(C).

Klingbeil raised six alleged errors in its motion to correct errors. Because we hold that the trial court committed reversible error in one respect, we need not discuss the other alleged errors. *O'Connor v. O'Connor* (1969) 253 Ind. 295, 253 N.E.2d 250; *Cowan v. Murphy* (1st Dist. 1975) 165 Ind.App. 566, 333 N.E.2d 802.

The dispositive issue is whether the trial court erred in determining that Klingbeil had first asserted its claim in August, 1979 and that its claim did not relate back to the date of the original pleading filed in 1973.

Klingbeil is an Ohio corporation involved in real estate development and construction. In 1971, Klingbeil began the development of a part of an apartment complex in Indianapolis. Klingbeil planned to sell the development to a group of investors to be called Governour's Square of Indianapolis Co. III (Governour's Square).

In Fall, 1971, Klingbeil issued purchase orders to Ric-Wil for piping materials and to Roan for its installation. Klingbeil signed the purchase orders as agent for Governour's Square.

Soon after installation, leaks in the joints of the piping system developed. Repair efforts were unsuccessful. Klingbeil replaced the piping in 1973. At the time, Klingbeil did not own the real estate. The project had been sold to Governour's Square in 1972. However, under the agreement between Governour's Square and Klingbeil, the replacement costs constituted construction costs. Therefore, these costs reduced Klingbeil's fee from Governour's Square.

On March 9, 1973, Governour's Square filed a complaint against Ric-Wil and Roan for breach of contract in the design, sale and installation of the pipe. On May 9, 1973, Ric-Wil filed a motion to join Klingbeil as a party to the lawsuit. The motion did not state in what capacity Klingbeil was to be joined nor did it cite the Indiana Rule of Trial Procedure on which it relied. On

May 14, 1973, the trial court granted the motion and ordered that Klingbeil "be added as a party to this case and that summons be issued for service upon such additional party." On May 17, 1973, a printed summons was issued to "defendant" Klingbeil. Klingbeil promptly moved to dismiss the action as to it. Ric-Wil, in its opposing brief contended that "the motion to dismiss by [Klingbeil], *additional party plaintiff* herein, should be overruled [because] . . . Klingbeil is a real party in interest . . . ." (emphasis added).

The trial court denied Klingbeil's motion, stating: "*Defendant's* motion to dismiss . . . is overruled." (emphasis added). Thereafter, in all documents filed prior to August, 1979, and despite the lack of any pleading filed by or against Klingbeil, Klingbeil was included in the caption allied with the plaintiff Governour's Square. Both Klingbeil and Governour's Square were represented by the same counsel.

On February 10, 1975, Governour's Square filed its motion for leave to amend its complaint to seek additional damages. The motion and the proposed amended complaint referred to plaintiff in the singular. Klingbeil's name appeared in the caption as plaintiff, but no mention was made of it in the body of the motion or in the amended complaint. The trial court granted leave to amend.

Thereafter, Ric-Wil filed its answer to "plaintiff's complaint" and its counterclaim "against plaintiffs." "Plaintiffs" promptly answered to the counterclaim. Roan timely answered "plaintiffs' amended complaint."

The action entered a long period of extensive discovery. Finally, on August 3, 1979, Klingbeil and Governour's Square together moved for leave to file their Second Amended and Supplemental Complaint, recognizing that the first amended complaint did not clearly state Klingbeil's complaint against the defendants. The trial court granted leave to amend. The second amended complaint, filed August 13, 1979, differed from the prior complaints in its allegations that Governour's Square was not organized at the time the purchase orders were issued; that thereafter it was organized and assumed the obligations; that in November, 1972, when the leaks became evident, Ric-Wil made an oral agreement with Klingbeil to repair the leaks, which Ric-Wil subsequently repudiated; that Governour's Square suffered the lost rent damages previously asserted in the first amended complaint; and that Klingbeil suffered the construction loan interest damages previously asserted therein.

In their answers, Ric-Wil and Roan asserted the affirmative defense of the statute of limitations as to all of Klingbeil's claims. Both defendants thereafter filed motions for summary judgment.

Prior to the ruling of the trial court on the motions, the plaintiffs moved for leave to file their third amended complaint. The trial court sustained the plaintiffs' motion, stating: "All pending motions are now moot." The third amended complaint contained a more elaborate explanation of the succession of rights between Governour's Square and Klingbeil. The complaint no longer separated the damages between Klingbeil and Governour's Square. Rather, it asserted: "The Klingbeil Company succeeded to the rights of [Governour's Square] against the defendants . . . ."

Both defendants renewed their motions for summary judgment. The trial court, after a hearing, sustained the defendants' motions and entered judgment on September 26, 1980 against both plaintiffs, stating: "Ric-Wil and Roan are entitled to judgment as a matter of law because Governour's Square has suffered no damages for which relief is sought under the Third Amended Complaint . . . . [and] because Klingbeil's claims are time-barred by the four (4) year statute of limitations found at IC 26-1-2-725."

Klingbeil contends the trial court erroneously ruled that Klingbeil first asserted its claim in August, 1979. It points out that Klingbeil was added as a party in 1973 and that all parties thereafter treated Klingbeil as a plaintiff. Further, Klingbeil asserts that the 1975 Amended Complaint identified both plaintiffs in the caption, but,

through an oversight, failed to refer to Klingbeil in the text.

In case after case, Indiana courts have recognized that the underlying philosophy of the rules of procedure is to facilitate decisions on the merits and to avoid pleading traps. *Soft Water Utilities, Inc. v. LeFevre* (1973) 261 Ind. 260, 269, 301 N.E.2d 745, 750; *Eberbach v. McNabney* (2d Dist. 1980) Ind.App., 413 N.E.2d 958, *reh. denied*, 421 N.E.2d 651, *trans. denied; Carvey v. Indiana National Bank* (2d Dist. 1978) Ind. App., 374 N.E.2d 1173; *Chrysler Corp. v. Alumbaugh* (3d Dist. 1976) 168 Ind.App. 363, 342 N.E.2d 908, *modified on other grounds*, 348 N.E.2d 654. Specifically, in interpreting Ind. Rules of Procedure, Trial Rule 15(C), our courts have found persuasive the reasoning of the Tenth Circuit Court of Appeals:

> "This purpose is not furthered by giving Rule 15 lip service rather than full fealty. Nor is the purpose of the federal rules furthered by denying the addition of a party who has a close identity of interest with the old party when the added party will not be prejudiced. The ends of justice are not served when forfeiture of just claims because of technical rules is allowed." *Travelers Indemnity Co. v. United States ex rel. Construction Specialties Co.* (10th Cir. 1967) 382 F.2d 103, 106.

The broadest view of Ric-Wil's joinder of Klingbeil is that its request was based on Ind. Rules of Procedure, Trial Rule 20(A) which provides in pertinent part:

> "[T]he defendant may make any persons who could be joined under this rule parties by asserting their interest therein with a prayer that their rights in the controversy be determined, along with any counter-claim or cross-claim against them, if any, as if they had been originally joined as parties."

■ In spite of the great liberality of T.R. 20(A), however, the rule does not excuse any of the joined parties from the obligation to state a claim against the defendant or defendants upon which relief may be granted. *See*, C. Wright & J. Miller, *Fed.Prac. & Proc.*, § 1656 at 284 (1971 ed.). It is clear that Klingbeil failed to do so at least until 1975.

Klingbeil asserts that it stated a claim in the 1975 amended complaint. There, Klingbeil's name was set forth in the caption as a plaintiff, but not in the body of the complaint. Indiana courts have held that if the names of all parties have been given in the title or caption of the complaint, it is not necessary to repeat them in the body of the complaint. *Cosby v. Powers* (1893) 137 Ind. 694, 695–96, 37 N.E. 321; *Lowry v. Dutton* (1867) 28 Ind. 473, 474–75. These cases are, however, distinguishable from the case at bar in that they concerned the failure of all named plaintiffs to state their names in the body of the complaint. In the instant case, Governour's Square was mentioned in the body of the complaint, and it asserted a claim for relief in its name only. Klingbeil's claim for relief was never mentioned until August, 1979.

Clarity in the pleadings is a worthwhile goal. Yet, as a practical matter, Klingbeil's joinder in this proceeding was timely. The appellees, Ric-Wil and Roan, entered into extensive discovery of both Governour's Square and Klingbeil interchangeably. Indeed, no claim *against* Klingbeil was asserted until 1975, two years after its joinder, when Ric-Wil answered "plaintiffs" complaint and asserted its counterclaim against the "plaintiffs."

■ However, we do not hold on these flimsy grounds alone that Klingbeil's claim is not barred. Ind. Rules of Procedure, Trial Rule 15(C) and 17(A) permit Klingbeil's claim to relate back to the original complaint filed in 1973 by Governour's Square.

T.R. 15(C) provides in pertinent part:

> "Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against

whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

T.R. 17(A) provides in pertinent part:

"Real party in interest. Every action shall be prosecuted in the name of the real party in interest.

. . . .

(2) . . . .

No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced initially in the name of the real party in interest."

The Advisory Committee's Note to F.R. C.P. Rule 15, identical to the Indiana Rule, explains the interrelationship of these rules:

"The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for cor-

rection of the defect in the manner there stated."

39 F.R.D. 83–84 (1966).

Regarding F.R.C.P. Rule 17, the Advisory Committee stated:

"This provision keeps pace with the law as it is actually developing. Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . . The provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Id.* at 85 (citations omitted).

Some decisions have refused to apply T.R. 15(C) to an amendment which substituted or added a new party, whether plaintiff or defendant, to those included in the original complaint. *Bowling v. Holdeman* (1st Dist. 1980) Ind.App., 413 N.E.2d 1010; *Gibson v. Miami Valley Milk Producers, Inc.* (3d Dist. 1973) Ind.App., 299 N.E.2d 631, *trans. denied; Lagow v. Neilson* (1858) 10 Ind. 183. *But see Chrysler Corp. v. Alumbaugh, supra.* The rationale behind the denial is that the bringing in of new parties constitutes a new cause of action which, if allowed to relate back, will deny a party the statute of limitations defense. *See Herm v. Stafferd* (W.D.Ky.1978) 455 F.Supp. 650.

The amended rules and the Advisory Committee's Note appear to reject this restrictive analysis. 39 F.R.D. at 82–84. In addition, the trend in both state and federal cases has been to allow the addition of parties under proper circumstances. The Indiana Supreme Court has noted:

"A review of a substantial body of federal case law indicates a liberal interpretation of the change of party provision of F.R.C.P. 15(c). . . . 'The word "changing" has been liberally construed by the courts, so that amendments simply adding or dropping parties, as well as amendments that actually substitute defendants, fall within the ambit of the rule.' " *State ex rel. Young v. Noble Circuit Court* (1975) 263 Ind. 353, 332 N.E.2d 99,

102 (quoting C. Wright & J. Miller, 6 Fed.Prac. & Proc. § 1498, n.93) (other citations omitted).

To the same effect is our recent decision in *Lamberson v. Crouse,* (2d Dist. 1982) Ind. App., 436 N.E.2d 104.

The Supreme Court in *Young* also recognized "that the primary purpose of a statute of limitations is to insure that parties are given formal and seasonable notice that a claim is being asserted against them. . . ." 332 N.E.2d at 103. *See also, General Motors Corp. v. Arnett* (2d Dist. 1981) Ind. App., 418 N.E.2d 546, 549.

In this case, the amendments to add the proper plaintiff clearly related to the same transaction which was the subject of the original complaint. There is also no question that the defendants had notice that the same claims were being asserted, for the body of the complaint sought to be amended referred expressly to claims for defective pipe and the installation thereof. The reference in the second amended complaint to the 1972 oral agreement to cure the defective pipe does not constitute a different transaction. The addition merely makes more specific what had already been alleged and was a part of the course of conduct between the parties originally set forth. *See Maher v. Hadfield* (En banc 1949) 119 Ind.App. 348, 86 N.E.2d 716.

There is no suggestion that the omission of the proper party plaintiff in this action was anything other than a mistake. The Klingbeil Company and Governour's Square are interrelated companies and are represented by the same counsel. The action was originally brought by "Governour's Square," which appeared as the named principal to the contract. Klingbeil was joined as a party by Ric-Wil and was treated thereafter as a plaintiff by all parties. Discovery ensued for over six years, and a formidable record was amassed. Obviously, at some point, all parties realized that only Klingbeil had the right to relief, if at all, and had had it all along. A search of the original pleadings revealed that Klingbeil had made no claim.

As stated before, the policy of the rules is to facilitate decisions on the merits. The statute of limitations should not be mechanically applied to defeat the adjudication of a just claim when the correct parties were officially involved in the proceeding from an early stage.

Ric-Wil's contention that the second amended complaint was a new and time-barred action because the original plaintiff never had the right to sue, leaving nothing to which Klingbeil's claim could relate back, is unpersuasive. In *Unilever (Raw Materials) Ltd. v. M/T Stolt Boel* (S.D.N.Y.1977) 77 F.R.D. 384, 387, the district court addressed a similar contention:

"[T]o accept the premise that no correction by way of party amendment is proper past the running of the statute of limitations if the action timely filed did not state a cause of action between the named parties is to accept a circuity of reasoning that nullifies the addition to the Rule [15(C)]."

The propriety of permitting Klingbeil's claim to relate back cannot be determined merely by a restrictive application of the criteria in T.R. 15(C). The mandate of T.R. 17(A) that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time . . . has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action" must also be borne in mind. Indeed, Professor Moore notes that the "main thrust is to allow a correction in parties after the statute of limitations has run, despite the valid objection that the original action was not brought by the real party in interest." 3A Moore's Federal Practice ¶ 17.15–1, at 17–182 (2d ed. 1982). In short, applying the principles of T.R. 15(C) and T.R. 17(A), we find no reason the amendment should not have been permitted to relate back.

We hold that the trial court erred in granting the motions for summary judgment against Klingbeil. The judgment is reversed and the cause remanded with in-

structions to the trial court to grant leave to Klingbeil to amend its complaint in accordance with this opinion.

BUCHANAN, C. J., and SHIELDS, J., concur.